IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TYRONE HUNT (M-28047), ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 18 C 478 |
| v. ) | |
| ) | Hon. Jorge L. Alonso |
| ROBERT MUELLER, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Tyrone Hunt, a prisoner at the East Moline Correctional Center proceeding *pro se*, petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2012 Cook County convictions in Case No. 09 CR 5980. Following a bench trial, Petitioner was found guilty of armed violence, aggravated battery, intimidation, and communication with a witness— all stemming from his shooting of Terrence Bridges to prevent Bridges from testifying at a trial. Respondent has answered the petition, and Petitioner has replied. For the reasons stated herein, this Court denies the § 2254 petition and declines to issue a certificate of appealability.

**BACKGROUND**

The background facts are taken from the Illinois appellate court's opinion in Petitioner's direct appeal. *People v. Hunt*, 2014 IL App (1st) 121615-U, ¶¶ 5-6. 2014 WL 2157548 (Ill. App. Ct. 2014); *see also Hartsfield v. Dorethy*, 949 F.3d 307, 309 n.1 (7th Cir. 2020) ("We take the facts from the Illinois Appellate Court's opinions because they are presumptively correct on habeas review and [Petitioner] has not rebutted this presumption.") (citing 28 U.S.C. § 2254(e)(1)).

> At trial, the State presented evidence showing that defendant shot Bridges in the arm in an attempt to prevent Bridges from testifying at the upcoming trial of Frederick Pigram for the murder of Bridges' brother. Bridges testified that he was shot near the bicep in his right arm and that he was taken to a hospital, where a doctor took an x-ray which confirmed that there was a bullet in his right arm.

> Bridges also testified that the bullet was not removed because the doctor said that it was located near a vein and that he might bleed to death if it was removed. Upon inspection of Bridges' arm, the court observed that there was a slightly raised bruise mark on Bridges' upper right bicep. Bridges further testified that the doctor stopped the bleeding, cleaned and bandaged the wound, and gave him a sling and that he did not remain in the hospital for more than an hour. The court found defendant guilty of armed violence, aggravated battery with a firearm, intimidation, and communication with a witness and merged all of his convictions into the conviction on the count of armed violence which alleged that defendant committed the crime of intimidation while armed with a handgun.
>
> The court sentenced defendant to 20 years' imprisonment and determined that he was required to serve at least 85% of the sentence pursuant to section 3–6–3(a)(2)(iii) of the Unified Code of Corrections (730 ILCS 5/3–6–3(a)(2)(iii) (West 2008)) because Bridges suffered great bodily harm as a result of defendant's criminal conduct. In finding that Bridges suffered great bodily harm, the court stated that a person who is shot by a gun generally suffers great bodily harm when the bullet enters the victim's body and that the evidence in this case showed great bodily harm to Bridges.

*Hunt*, 2014 IL App (1st) 121615-U, ¶¶ 5-6.

On direct appeal, Petitioner argued: (1) his armed violence conviction was not his most serious offense and the trial court improperly merged the other counts into that one; (2) Bridges' testimony about a doctor's explanation why the bullet could not be removed was inadmissible hearsay and, but for this evidence, the trial court would not have found great bodily harm resulting in Petitioner having to serve 85% of his sentence; and (3) trial counsel was ineffective for failing to object to the hearsay testimony. *Id*. at ¶¶ 9, 12, 18.

The state appellate court affirmed Petitioner's conviction and sentence. *Id.* at ¶¶ 10-21. The court determined: (1) the armed violence offense carried the greatest penalty and thus was Petitioner's most serious offense; (2) though Bridges' testimony about the hospital doctor's statements was hearsay, its admission did not amount to plain error given Bridges' other testimony about his injury and the trial court's finding that a bullet entering a person's body is generally considered to result in great bodily harm; and (3) Petitioner could not establish ineffective

assistance of trial counsel since the failure to object to the hearsay testimony resulted in no prejudice given the other evidence supporting the finding of great bodily harm. *Id.*

Petitioner filed a petition for leave to appeal (PLA) with the Illinois Supreme Court, arguing the trial court improperly merged his convictions and the admission of Bridges' hearsay testimony was plain error. (Dkt. 9-5, pg. 2.) The state supreme court denied the PLA. (Dkt. 9-6.)

**Petitioner's First Post-Conviction Petition**

Petitioner filed a post-conviction petition in the state trial court. (Dkt. 9-16.) He argued that trial counsel was ineffective for failing to call medical experts or submit medical reports to counter Bridges' testimony about the seriousness of his injury, and for failing to argue that Bridges' testimony alone was insufficient to establish great bodily harm. *Id.* at 4-8. The trial court denied the petition upon determining that Petitioner's post-conviction ineffective assistance claim was essentially the same as the claim raised on direct appeal and was thus barred by Illinois' *res judicata* doctrine. (Dkt. 1, pg. 26-42.)

Petitioner appealed, and an attorney was appointed for the appeal. The attorney filed a motion to withdraw from representation. (Dkt. 9-8); *see also Pennsylvania v. Finley*, 481 U.S. 551 (1987) (an attorney may seek withdrawal from appointment in a post-conviction appeal upon demonstrating that the appeal lacks merit). According to the attorney's *Finley* brief, state post-conviction review was procedurally barred based on one or multiple grounds: Illinois' *res judicata* doctrine (as determined by the post-conviction trial court); Illinois' forfeiture rule (because Petitioner could have raised his post-conviction claim on direct appeal but didn't); and/or the failure to support the claim with affidavits or other evidence pursuant to 735 ILCS 5/122-2. (Dkt. 9-8, pg. 12-14.) Petitioner responded to the *Finley* brief; however, he challenged none of the procedural grounds addressed therein. (Dkt. 9-9.) Instead, he argued only that his post-conviction appellate attorney sought to withdraw without investigating Petitioner's claims. *Id.*

3

The state appellate court agreed with the attorney's contentions; granted his motion to withdraw; and affirmed the trial court's dismissal of Petitioner's post-conviction petition. (Dkt. 9-7.) Petitioner filed a PLA, again arguing that the attorney's *Finley* motion was improper, and that he was denied effective assistance of counsel in his post-conviction appeal and at trial. (Dkt. 9-10.) The Illinois Supreme Court denied the PLA. (Dkt. 9-11.)

**Petitioner's Successive Post-Conviction Petition**

Petitioner sought to file a successive post-conviction petition, asserting: (1) his 20-year sentence was disproportionate to sentences for similar offenses; (2) trial counsel was ineffective for failing to object to Bridges' hearsay testimony or introduce medical evidence addressing the insignificance of Bridges' injury; and (3) the grand jury that indicted Petitioner was assembled in a discriminatory manner. (Dkt. 9-17.) The trial court denied Petitioner's request to file a successive petition. *See* 725 ILCS 5/122-1(f).

Petitioner appealed; counsel was again appointed for the appeal; and the attorney, like the previous post-conviction appellate counsel, filed a *Finley* motion to withdraw, stating the appeal lacked arguable merit. (Dkt. 9-13.) The state appellate court agreed, granted the motion to withdraw, and affirmed the trial court's denial of Petitioner's request to file a successive post-conviction petition. (Dkt. 9-12.) Petitioner filed a PLA, which the Illinois Supreme Court denied. (Dkt. 9-14 and 9-15.) Having completed his state court proceedings, Petitioner filed his § 2254 petition currently before this Court.

## PETITIONER'S 28 U.S.C. § 2254 PETITION

Petitioner's § 2254 petition asserts four claims:

> (1) the trial court erroneously allowed Bridges' hearsay testimony about his doctor's statements describing the gunshot injury;
>
> (2) the trial court erred when it considered Petitioner's armed violence conviction as the most serious offense of the four conviction counts;

4

>(3) Petitioner's trial attorney was ineffective for not introducing medical evidence to counter Bridges' testimony about the severity of his injury; and
>
>(4) post-conviction counsel in the original post-conviction appeal was ineffective for failing to argue Claim Three.

(Dkt. 1, pg. 5-8.) Respondent contends that all four claims are either not cognizable for federal habeas review and/or procedurally defaulted. (Dkt. 8.) Respondent is correct with respect to Claims One, Two, and Four. Claim Three, though not procedurally defaulted, is without merit.

**Claim One**

Petitioner's first claim is the same one he raised on direct appeal. He argues "[t]he trial court erred in admitting inadmissible hearsay testimony from Terrence Bridges regarding the information doctors gave to Bridges about his injury." (Dkt. 1, pg. 5.) The state appellate court, reviewing the claim for plain error because no objection was made at trial, determined that Bridges' testimony about the doctor's statements was hearsay, but its admission was not plain error. According to the state appellate court, the trial evidence establishing great bodily harm was not so closely balanced such that exclusion of the hearsay testimony would have resulted in a different sentence (that Petitioner had to serve 85% of it). *Hunt*, 2014 IL App (1st) 121615-U, ¶ 12.

Both determinations by the state appellate court—that hearsay testimony was improperly admitted, and that it did not constitute plain error—relied solely on state law. *Id.* at ¶¶ 13-14 (citing Ill. R. Evid. 801(c) and 802, and *People v. Piatkowski*, 870 N.E.2d 403, 410 (Ill. 2007) (setting out Illinois' plain-error review standard)); *see also Perruquet v. Briley*, 390 F.3d 505, 511 (7th Cir. 2004) ("a state trial court's evidentiary rulings . . . turn on state law"). "[E]rrors of state law in and of themselves are not cognizable on habeas review." *Perruquet*, 390 F.3d at 511 (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). Only when errors of state law "have deprived the petitioner of a right under federal law can the federal court intervene."

*Perruquet*, 390 F.3d at 511; *see also* § 2254(a) (federal habeas relief is for "violation[s] of the Constitution or laws or treaties of the United States"). To the extent Claim One argues that a hearsay violation occurred, or even that admission of the hearsay evidence amounted to plain error under Illinois law, the claim presents no constitutional issue cognizable for federal habeas review.[1]

A state-law error, however, can amount to a constitutional violation if serious enough. But the error must have been so serious that it deprived a defendant of his "Fourteenth Amendment due process right to a fundamentally fair trial." *Perruquet*, 390 F.3d at 511. Claim One does not argue a due process violation with the hearsay testimony. (Dkt. 1, pg. 5.) Nor did Petitioner present such an argument to the state courts. (Dkts. 9-2, 9-5, 9-16, 9-17.) State prisoners must "exhaust[] the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(1)(A), which requires fair presentment of their federal claim through "one complete round" of state court review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Furthermore, the state courts must have been "sufficiently alerted to the federal constitutional nature of the issue to permit it to resolve that issue on a federal basis." *Hoglund v. Neal*, 959 F.3d 819, 832-33 (7th Cir. 2020). To the extent Petitioner now seeks to argue that admission of the hearsay testimony resulted in a constitutional due process violation, such a claim is unexhausted and procedurally defaulted.

Even if Claim One could be construed as asserting a Fourteenth Amendment claim that was presented to the state courts, the claim is without merit. A due process violation occurs only

---

[1] The Court notes that Petitioner's reply to Respondent's answer insists that federal habeas relief can be granted for a state hearsay violation. (Dkt. 10, pg. 1) ("Petitioner disagrees . . . that this issue is governed only by state law . . . and further argues that [an] application for habeas corpus can be granted for this issue.") (emphasis omitted). Petitioner's reply cites *Hernandez v. McGrath*, 595 F. Supp. 2d 1111, 1128-30 (E.D. Cal. 2009). *Id. Hernandez*, however, addresses a Sixth Amendment Confrontation Clause claim. While a state hearsay violation can also violate the Confrontation Clause, such occurs only for "testimonial" statements. *Ohio v. Clark*, 576 U.S. 237, 243-49 (2015) (citing *Crawford v. Washington*, 541 U.S. 36 (2004)). Testimonial statements are out-of-court statements with "the primary purpose of creating evidence for [a] prosecution," such as statements made during a police or similar interview. *Clark*, 576 U.S. at 246. Petitioner never argued that the primary purpose of the conversation between Bridges and the hospital doctor was for "gathering evidence for a prosecution." *Id.* at 249. The hearsay violation Petitioner argues does not give rise to a Confrontation Clause claim.

when the state-law error was "so prejudicial" that it "produced a significant likelihood that an innocent person has been convicted. Indeed, because of this high standard, evidentiary questions are generally not subject to review in habeas corpus proceedings." *Anderson v. Sternes*, 243 F.3d 1049, 1053 (7th Cir. 2001) (quoting *Howard v. O'Sullivan*, 185 F.3d 721, 723-24 (7th Cir. 1999)). The same reasons supporting the state court's determinations of no plain error and no prejudice for Petitioner's ineffective assistance claim—i.e., the existence of ample admissible evidence of great bodily harm and the trial court's observation that a bullet entering a body usually results in great bodily harm—demonstrate that the admission of the hearsay testimony was not so prejudicial to produce a significant likelihood of Petitioner's innocence or even a different sentence.

For the reasons stated above, Claim One presents no constitutional issue for this Court's review and, even if the claim could be construed as asserting a constitutional due process violation, Petitioner has not made the requisite showing to establish such a claim. Claim One is denied.

**Claim Two**

Petitioner argues that the trial "court's determination that the armed violence conviction was the most serious offense" was incorrect "because the aggravated battery with a firearm requires an actual injury and not just the threat of an injury." (Dkt. 1, pg. 7.) He contends that the trial court should have merged his convictions into the aggravated battery conviction, which has a sentencing range of 6-30 years of imprisonment, as opposed to the armed violence conviction, the sentence for which ranges from 15-30 years. *Id.*

This claim seeks federal habeas review of the state trial court's application of Illinois' one-act-one-crime doctrine. The "doctrine is not constitutionally mandated," but rather, a tenet of state law. *People v. Artis*, 902 N.E.2d 677, 682 (Ill. 2009).[2] As previously explained, federal habeas

---

[2] Under Illinois' one-act-one-crime rule, "when more than one offense arises from a series of incidental or closely related acts and the offenses are not, by definition, lesser included offenses, convictions with concurrent sentences can

7

review is only for constitutional issues. *See* § 2254(a). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67-68; *Arnold v. Dittmann*, 901 F.3d 830, 835 (7th Cir. 2018). Claim Two argues no constitutional issue, presents no issue for federal habeas review, and is denied.

**Claim Three**

Petitioner argues that his trial attorney was ineffective for insufficiently challenging the seriousness of Bridges' injury. (Dkt. 1, pg. 8.) According to Petitioner, his attorney should have: (1) "consult[ed] his own medical experts" and (2) "challenged the State's evidence as insufficient because X-rays and medical documents from treating physicians were not introduced at trial to substantiate Bridges' injury." *Id.*

**(1) Respondent's Procedural Default Arguments are Unsupported by the Record**

Respondent contends this claim is procedurally defaulted because (1) Petitioner did not present it in his PLA to the Illinois Supreme Court, and (2) the state appellate court denied the claims on an independent and adequate state procedural ground. (Dkt. 8, pg. 5-7.) Neither contention is supported by the record.

A § 2254 claim can be procedurally defaulted in two ways. The first, as previously noted, occurs when a prisoner fails to fully exhaust state court remedies for his federal claim and no longer has the ability to do so under the state's procedural laws. *Thomas v. Williams*, 822 F.3d 378, 384 (7th Cir. 2016). The second way "comes from the independent and adequate state ground doctrine." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991)). Federal habeas review is precluded "where the state courts declined to address a petitioner's federal claims because the petitioner did not meet state procedural requirements." *Id.* at 384. "'A state law ground is

---

be entered." *Artis*, 902 N.E.2d at 681 (citation omitted); *see also People v. Cosby*, 711 N.E.2d 1174, 1187 (Ill. App. Ct. 1999) (Illinois law considers the most serious offense to be the one that carries the greatest minimum sentence).

8

independent when the court actually relied on the procedural bar as an independent basis for its disposition,'" and "'is adequate when it is a firmly established and regularly followed state practice at the time it is applied.'" *Thompkins v. Pfister*, 698 F.3d 976, 986 (7th Cir. 2012) (cite omitted).

Respondent contends Petitioner failed to assert his ineffective assistance of trial counsel claim in his post-conviction PLA to the Illinois Supreme Court. According to Respondent, the PLA only mentioned the claim, without making any substantive argument. (Dkt. 8, pg. 6.) The PLA, however, argued that appointed counsel in Petitioner's post-conviction appeal refused to argue claims raised in his post-conviction petition, including "that defense counsel failed to present medical evidence regarding the complainant's injury or argue that the evidence of injury was insufficient to support the court's finding of great bodily injury." (Dkt. 9-10, pg. 4.) Petitioner further asserted that trial "counsel was ineffective for failing to consult his own medical experts to challenge the evidence of Bridges' injury." (*Id.* at 6.)

The PLA may not have thoroughly discussed the merits of this claim, but it clearly asked the state supreme court to review the claims not argued by the appellate attorney, including the ineffective assistance of trial counsel claim described above. (*Id.* at 3-6.) This Court cannot conclude that Petitioner failed to present his ineffective assistance of trial counsel claim to the state supreme court. *See Lewis v. Sternes*, 390 F.3d 1019, 1027 (7th Cir. 2004) (federal habeas courts should give "a generous interpretation" to *pro se* state pleadings when determining whether a petitioner fairly presented a claim).

Respondent's second procedural-default contention—that the state appellate court denied this claim on independent and adequate state procedural grounds—is also not supported by the record. Respondent states that, when the state appellate court agreed with appointed counsel's *Finley* brief, the court indicated that its denial of the ineffective assistance claim was based on Petitioner's failure to include affidavits or other evidence with his post-conviction petition. *See*

9

(Dkts. 9-7, pg. 2; 9-8, pg. 8-10); *see also Jones v. Calloway*, 842 F.3d 454, 461 (7th Cir. 2016) (a state court's dismissal of a post-conviction claim based on the failure to comply with Illinois' affidavit rule 725 ILCS 5/122-2 is an independent and adequate state ground barring § 2254 review). But the record is unclear as to whether the ineffective assistance claim was dismissed on this ground.

The *Finley* brief to the state appellate court argued three grounds why the ineffective-assistance-of-trial-counsel claim was procedurally barred: *res judicata* (the sole ground relied upon by the state trial court); forfeiture; and Illinois' affidavit rule. (Dkt. 9-8, pg. 8-10.) The most that can be discerned from the state appellate court's "we agree with counsel's conclusion," is that at least one of these three grounds barred review of the claim's merits. (Dkt. 9-7, pg. 2.) Denial of a claim based on Illinois' forfeiture or affidavit rules results in a procedural default, *see Jones*, 842 F.3d at 461; *Szabo v. Walls*, 313 F.3d 392, 395 (7th Cir. 2002), but denial of a claim based on *res judicata* does not. *Moore v. Bryant*, 295 F.3d 771, 776 n.1 (7th Cir. 2002) ("we have repeatedly held that *res judicata* is not a bar to consideration of claims in a federal habeas action"). This Court cannot conclude that the last state court to address this claim "clearly and expressly" relied on either forfeiture or Illinois' affidavit rule, and not *res judicata*, to deny the claim. *Id.* at 774.

### (2) Petitioner's Ineffective Assistance of Counsel Claim Lacks Merit

Although Claim Three is not procedurally defaulted, it is without merit and does not warrant § 2254 relief. To establish a violation of his Sixth Amendment right to effective assistance of counsel, Petitioner must prove both: (1) his counsel's performance "fell below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland v. Washington*, 466 U.S. 668, 669, 694 (1984).

As stated above, Petitioner asserts that trial counsel was ineffective for: (1) not introducing medical records or testimony demonstrating that the gunshot injury was minor, and (2) not

challenging the sufficiency of the evidence establishing great bodily harm "because X-rays and medical documents from treating physicians were not introduced at trial to substantiate Bridges' injury." (Dkt. 1, pg. 8.)

Similar to his state post-conviction petitions, Petitioner's § 2254 petition neither includes medical evidence nor describes what that evidence would have shown. *See id.*; *see also* (Dkts. 9-16 and 9-17 (Petitioner's state post-conviction petitions)). "Where a petitioner claims his trial counsel failed to call a witness" or introduce certain evidence, "he must make a specific, affirmative showing as to what the missing evidence would have been, . . . and prove that this witness's testimony [or evidence] would have produced a different result." *Patel v. United States*, 19 F.3d 1231, 1237 (7th Cir. 1994) (citations omitted); *see also United States v. Farr*, 297 F.3d 651, 658-59 (7th Cir. 2002). "A defendant cannot simply state that the testimony [of a putative witness] would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991). Petitioner's assertions that his attorney should have introduced medical reports and/or called Bridges' doctor—with no indication what those reports showed or what the doctor would have stated—establishes neither deficient performance nor prejudice for his ineffective assistance of trial counsel claim.[3]

Nor can Petitioner demonstrate ineffective assistance with respect to his trial attorney's failure to object to the sufficiency of the evidence establishing great bodily harm. The properly admitted evidence at trial showed "that the bullet fired by defendant entered Bridges' arm, the

---

[3] Even if Petitioner could obtain medical evidence showing that Bridges sustained only a minor injury, the state courts were well aware of this fact. The state appellate court's description of the evidence stated that, after Bridges went to the hospital, "the doctor stopped the bleeding, cleaned and bandaged the wound, and gave him a sling, and . . . he did not remain in the hospital for more than an hour." *Hunt*, 2014 IL App (1st) 121615-U ¶ 5. The state courts considered that Bridges' injuries required minimal treatment and that not all gunshot wounds result in great bodily harm. *Id.* at ¶ 16. Nonetheless, the fact that the bullet entered and remained in Bridges' body and that he was treated at a hospital, according to the state courts, sufficed to establish great bodily harm under Illinois law. *Id.* at ¶¶ 15-17. As previously stated in this opinion, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67-68.

wound required medical treatment, and the bullet remained in Bridges' arm at the time of trial and bore a physical mark." *Hunt*, 2014 IL App (1st) 121615-U, ¶ 15. This evidence, along with the trial court's observation "that a victim generally suffers great bodily harm anytime a bullet enters the victim's body," according to the state courts, sufficed to establish great bodily harm. *Id.* at ¶ 17. Had Petitioner's attorney objected at trial to the sufficiency of the evidence showing great bodily harm, the objection would have been without merit. *Carter v. Douma*, 796 F.3d 726, 735 (7th Cir. 2015) (an attorney's performance is "not deficient by failing to make a futile objection"); *see also Lafler v. Cooper*, 566 U.S. 156, 167 (2012) (attorneys are not required to make meritless motions).

Petitioner fails to show that, had trial counsel introduced medical evidence or testimony from doctors, the result of his sentence would have been different. Claim Three is without merit and denied.

**Claim Four**

Petitioner's final claim argues that "appellate counsel refused to argue" the issues asserted in Claim Three "and instead filed a *Finley* Motion to Withdraw." (Dkt. 1, pg. 8.) Petitioner presents this issue as part of Claim Three, but liberally construed, the allegation states its own claim that the attorney appointed for Petitioner's post-conviction appeal provided ineffective assistance by seeking to withdraw. *Id.*

Claim Four presents no issue for federal habeas review. "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C.A. § 2254(i); *see also Finley*, 481 U.S. at 555 ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, . . . and we decline to so hold today). Claim Four presents no cognizable issue for federal habeas review and is denied.

For the above stated reasons, the Court denies Petitioner's § 2254 petition.

12

### CERTIFICATE OF APPEALABILITY AND NOTICE OF APPEAL RIGHTS

Petitioner is advised that this is a final decision ending his case in this Court. If Petitioner wishes to appeal, he must file a notice of appeal in this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). He need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if he wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). A Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). A Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi). The time to file a motion pursuant to Rule 59(e) or Rule 60(b) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2).

The Court declines to issue a certificate of appealability. Petitioner cannot make a substantial showing of the denial of a constitutional right, or that reasonable jurists would debate, much less disagree, with this Court's resolution of Petitioner's claims. *Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008) (citing 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

### CONCLUSION

Petitioner's habeas corpus petition (Dkt. 1.) is denied on the merits. Any pending motions are denied as moot. The Court declines to issue a certificate of appealability. The Clerk is instructed to: terminate Robert Mueller as Respondent; enter Robert Hamilton, East Moline

13

Correctional Center's current warden, as Respondent; alter the case caption to *Hunt v. Hamilton*; and enter a judgment in favor of Respondent and against Petitioner.  Civil Case Terminated.

**SO ORDERED.**             **ENTERED:   August 27, 2020**

                                                  **JORGE L. ALONSO**
                                                  **United States District Judge**